**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE LUIS LOPEZ-APONTE, | No. 13-72785 |
| Petitioner, | Agency No. A075-528-391 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Jorge Luis Lopez-Aponte, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-84 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's finding that Lopez-Aponte failed to establish that any harm he fears due to his religious activities would be caused by the Mexican government or that the government would be unwilling or unable to control his attackers. *See Castro-Perez v. Gonzalez*, 409 F.3d 1069, 1072 (9th Cir. 2005). Further, substantial evidence supports the agency's finding that Lopez-Aponte's fear of random violence and general crime does not provide a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). The record does not support Lopez-Aponte's contention that the IJ found "criminal acts by private individuals" cannot be persecution. We reject his contention that the IJ did not give him the full benefit of his testimony. Thus, Lopez-Aponte's asylum claim fails.

Because Lopez-Aponte failed to establish eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the denial of CAT relief because Lopez-Aponte did not establish it is more likely than not he would be tortured at the

instigation of, or with the acquiescence of the Mexican government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**